# ERIN W. FRANKLIN

The Honorable Judge Anderson                                              7/29/2025

Dear Judge Anderson,

My name is Erin Franklin, and I am a fifth-generation licensed funeral director in the State of South Carolina. My family has owned and operated McAlister Funeral Homes in Charleston, SC, since 1886. I've proudly continued that tradition and have served my community in this profession for many years.

I first became acquainted with Cody Anderson when I moved to North Augusta, South Carolina, around April 2014. At a time when I was facing professional uncertainty after losing my position at a local funeral home, Cody offered me employment. Later, when I became pregnant and went on maternity leave, Cody generously continued to pay me during that period, even though he was under no obligation to do so. These acts were not isolated—rather, they reflect the consistent kindness and compassion I have observed in Cody over the years.

I served as the notary during the execution of Mrs. Crandall's will. I understand there has been much discussion surrounding this matter, but I respectfully ask the Court to consider my perspective. It was not unusual for us to notarize documents for members of the community, including wills. I recall the day Mrs. Crandall came to the funeral home clearly—it was a pleasant spring day, during the early stages of the COVID-19 pandemic. Appropriate safety protocols were followed at her request. Additionally, this will was not found from the internet. It was one George Funeral Home had used previously for Kay Hodge Boynton who died September 21, 2019, and it was successful probated through Aiken Probate Court. The will in question in this matter failed on execution per Judge Courtney Clyburn Pope. That is not Mr. Anderson's fault.

I distinctly remember speaking with Mrs. Crandall about my maternity clothing, and she asked me when my child was due. My daughter, Audrey, was born on May 28, 2020, which further confirms my memory of the event. Mrs. Crandall appeared alert, well-dressed, and in good spirits. At no point did she seem confused, pressured, or under duress. It is also important to clarify that neither I nor any of my colleagues were forced to sign or notarize anything by Cody, contrary to what may have been portrayed publicly. In fact, Cody made it clear that he could not ethically participate in the execution of the documents because he was named in it. It was Allen Bateman who informed us that Mrs. Crandall was there and asked us to step outside to notarize the documents. This account is reflected in the affidavits that were submitted.

Having worked closely with Cody Anderson for over eight years, I can say with confidence that he is a kind, ethical, and generous individual. He has always shown a deep sense of responsibility toward those around him—especially the elderly and those in need. I truly believe that his intentions in this matter were to assist a longtime friend, not to take advantage of her.

I respectfully ask the Court to take these facts into consideration when determining Mr. Anderson's sentence. If there is any additional information I can provide, I would be more than willing to assist.

Sincerely,

Erin Franklin
2073 Bonneville Circle
Aiken, SC 29801