# ATTACHMENT A

forward. I apologize for the earlier email that was cut short. I accidentally pressed send too early before I finished the email and included Sue.

CURT HANNA, Executive Director
Non-Attorney Staff
Austin & Pethick Law Firm, PC
115 Hearthstone Dr. (29803)
PO Box 5900
Aiken, SC 29804
ph: (803) 226-0453 Ext. 2006
cell: (864) 993-2501
fax: (803) 226-0498
Curt@AustinPethick.com



AUSTIN AND PETHICK
LAW FIRM

*************************************************
CONFIDENTIAL & PRIVILEGED: Unless otherwise indicated, this message and its information and attachments are confidential property of sender and subject to attorney-client privilege. The confidential information/work product herein is intended only for use of the individual/entity to whom it is addressed. Any other interception, copying, accessing, distribution, or disclosure of this message is prohibited. If you have received this message in error, please immediately notify sender and destroy any copies that you may have of this communication.

---

**From:** Cody Anderson <cody@georgefuneralhomes.com>
**Sent:** Tuesday, March 16, 2021 9:50 AM
**To:** Chris Austin <chris@austinpethick.com>
**Cc:** Allen Bateman <abateman@dodgeco.com>; Curt Hanna <curt@austinpethick.com>
**Subject:** Estate Work

Dear Chris,

I hope this email finds you well.

We are helping Margaret Crandall and her POA, Allen Bateman, get her affairs in order.

She can leave Shadow Oaks tomorrow for the first time since Covid hit. She is available from 1:00 - 4:00 pm tomorrow. Do you have time that she and Allen can meet with you?

She needs to finalize her will. A draft is attached for your review and any edits.

She also needs to make sure that everything was finished with her late husband's estate: John Crandall (estate 2013-ES020320).

Allen can let you know what is still in Mr. Crandall's name.

They would like to get all of this resolved as quickly as possible.

Please let me know if you can meet them tomorrow during the time that she is available.

Thanks for the help,

**Cody L. Anderson**

**Owner / Director**

George Funeral Home

211 Park Ave. SW

Aiken, SC 29801

803.649.6234 (O)

803.648.6150 (F)



00007

# South Carolina Last Will and Testament
## of

### MARY MARGARET CRANDALL

Pursuant to Title 62 (South Carolina Probate Code)

I, _ MARY MARGARET CRANDALL _, resident in the City of __AIKEN__, County of ___AIKEN___, State of South Carolina being of sound mind, not acting under duress or undue influence, and fully understanding the nature and extent of all my property and of this disposition thereof, do hereby make, publish, and declare this document to be my Last Will and Testament, and hereby revoke any and all other wills and codicils heretofore made by me.

**EXPENSES & TAXES**

I direct that all my debts, and expenses of my last illness, funeral, and burial, be paid as soon after my death as may be reasonably convenient, and I hereby authorize my Personal Representative, hereinafter appointed, to settle and discharge, in his or her absolute discretion, any claims made against my estate.

I direct my personal representative to follow my irrevocable funeral arrangements with George Funeral Home, Aiken, SC. My burial is to be in Sleepy Hollow Cemetery.

I further direct that my Personal Representative shall pay out of my estate any and all estate and inheritance taxes payable by reason of my death in respect of all items included in the computation of such taxes, whether passing under this Will or otherwise. Said taxes shall be paid by my Personal Representative as if such taxes were my debts without recovery of any part of such tax payments from anyone who receives any item included in such computation.

## I. PERSONAL REPRESENTATIVE

I nominate and appoint ATTORNEY CHRIS AUSTIN of AUSTIN & PETHICK LAW FIRM, of AIKEN COUNTY of AIKEN, State of South Carolina as Personal Representative of my estate and I request that (he/she) be appointed temporary Personal Representative if (he/she) applies.

## II. DISPOSITION OF PROPERTY

I devise and bequeath my property, both real and personal and wherever situated, as follows:

I have no husband or children. It is my request that no other relative or friend receive any of my estate or personal belongings, except THOMAS ALLEN BATEMAN JR:

1

00008

If any of my property cannot be readily sold and distributed, then it may be donated to any charitable organization or organizations of my Personal Representative's choice. If any property cannot be readily sold or donated, my Personal Representative may, without liability, dispose of such property as my Personal Representative may deem appropriate. I authorize my Personal Representative to pay as an administration expense of my estate the expense of selling, advertising for sale, packing, shipping, insuring and delivering such property. I direct that no other relative or friend receive any of my belongs or estate not listed above.

### III. OMISSION

Except to the extent that I have included them in this Will, I have intentionally, and not as a result of any mistake or inadvertence, omitted in this Will to provide for any family members and/or issue of mine, if any, however defined by law, presently living or hereafter born or adopted.

### IV. BOND

No bond shall be required of any fiduciary serving hereunder, whether or not specifically named in this Will, or if a bond is required by law, then no surety will be required on such bond.

### V. DISCRETIONARY POWERS OF PERSONAL REPRESENTATIVE

My Personal Representative, shall have and may exercise the following discretionary powers in addition to any common law or statutory powers without the necessity of court license or approval:

A. To retain for whatever period my Personal Representative deems advisable any property, including property owned by me at my death, and to invest and reinvest in any property, both real and personal, regardless of whether any particular investment would be proper for a Personal Representative and regardless of the extent of diversification of the assets held hereunder.

B. To sell and to grant options to purchase all or any part of my estate, both real and personal, at any time, at public or private sale, for consideration, whether or not the highest possible consideration, and upon terms, including credit, as my Personal Representative deems advisable, and to execute, acknowledge, and deliver deeds or other instruments in connection therewith.

C. To lease any real estate for terms and conditions as my Personal Representative deems advisable, including the granting of options to renew, options to extend the term or terms, and options to purchase.

D. To pay, compromise, settle or otherwise adjust any claims, including taxes, asserted in favor of or against me, my estate or my Personal Representative.

E. To make any separation into shares in whole or in part in kind and at values determined by my Personal Representative, with or without regard to tax basis, and to

allocate different kinds and disproportionate amounts of property and undivided interests in property among the shares.

F.  To make such elections under the tax laws as my Personal Representative shall deem appropriate, including elections with respect to qualified terminable interest property, exemptions and the use of deductions as income tax or estate tax deductions, and to determine whether to make any adjustments between income and principal on account of any election so made.

G.  To make any elections permitted under any pension, profit sharing, employee stock ownership or other benefit plan.

H.  To employ others in connection with the administration of my estate, including legal counsel, investment advisors, brokers, accountants and agents and to pay reasonable compensation in addition to my Personal Representative's compensation.

I.  To vote any shares of stock or other securities in person or by proxy; to assert or waive any stockholder's rights or privilege to subscribe for or otherwise acquire additional stock; to deposit securities in any voting trust or with any committee.

J.  To borrow and to pledge or mortgage any property as collateral, and to make secured or unsecured loans. My Personal Representative is specifically authorized to make loans without interest to any beneficiary hereunder. No individual or entity loaning property to my Personal Representative or trustee shall be held to see to the application of such property.

K.  My Personal Representative shall also in his or her absolute discretion determine the allocation of any GST exemption available to me at my death to property passing under this Will or otherwise. The determination of my Personal Representative with respect to any elections or allocation, if made or taken in good faith, shall be binding upon all affected.

## VI.  CONTESTING BENEFICIARY

If any beneficiary under this Will, or any trust herein mentioned, contests or attacks this Will or any of its provisions, any share or interest in my estate given to that contesting beneficiary under this Will is revoked and shall be disposed of in the same manner provided herein as if that contesting beneficiary had predeceased me.

## VII.  GUARDIAN AD LITEM NOT REQUIRED

I direct that the representation by a guardian ad litem of the interests of persons unborn, unascertained or legally incompetent to act in proceedings for the allowance of accounts hereunder be dispensed with to the extent permitted by law.

## VIII.  GENDER

Whenever the context permits, the term "Personal Representative" shall include "Executor" and "Administrator," the use of a particular gender shall include any other

3

00010

gender, and references to the singular or the plural shall be interchangeable. All references to the Internal Revenue Code shall mean the Internal Revenue Code of 1986 or any successor Code. All references to estate taxes shall include inheritance and other death taxes.

## IX. ASSIGNMENT

The interest of any beneficiary in this Will, shall not be alienable, assignable, attachable, transferable nor paid by way of anticipation, nor in compliance with any order, assignment or covenant and shall not be applied to, or held liable for, any of their debts or obligations either in law or equity and shall not in any event pass to his, her, or their assignee under any instrument or under any insolvency or bankruptcy law, and shall not be subject to the interference or control of creditors, spouses or others.

## X. GOVERNING LAW

This document shall be governed by the laws in the State of South Carolina.

## XI. BINDING ARRANGEMENT

Any decision by my Personal Representative with respect to any discretionary power hereunder shall be final and binding on all persons interested. Unless due to my Executor's own willful default or gross negligence, no Executor shall be liable for said Executor's acts or omissions or those of any co-Executor or prior Executor.

I, the undersigned MARY MARGARET CRANDALL, do hereby declare that I sign and execute this instrument as my last Will, that I sign it willingly in the presence of each of the undersigned witnesses, and that I execute it as my free and voluntary act for the purposes herein expressed, on this ___ day of MARCH 2021.

_____     _____
Testator Signature                                    Testator (Printed Name)

The foregoing instrument, was on this ___ day of MARCH 2021, subscribed on each page and at the end thereof by MARY MARGARET CRANDALL, the above-named Testator, and by (him/her) signed, sealed, published and declared to be (his/her) LAST WILL AND TESTAMENT, in the presence of us and each of us, who thereupon, at (his/her) request, in (his/her) presence, and in the presence of each other, have hereunto subscribed our names as attesting witnesses thereto.

_____     _____
Witness Signature                                      Address

_____     _____
Witness Signature                                      Address

# TESTAMENTARY AFFIDAVIT

STATE OF SOUTH CAROLINA

COUNTY OF AIKEN, SC.

    Before me, the undersigned authority, on this day personally MARY MARGARET CRANDALL, testator, _____, witness and _____, witness, known to me to be the testator and the witnesses, respectively, whose names are signed to the attached or foregoing instrument, and, all of these persons being by me duly sworn, the testator declared to me and to the witnesses in my presence that the instrument is the testator's last will and that the testator has willingly signed or directed another to sign for him/her, and that the testator executed it as the testator's free and voluntary act for the purposes therein expressed; and each of the witnesses stated to me, in the presence of the testator, that they signed the will as witnesses and that to the best of their knowledge the testator was eighteen (18) years of age or over, of sound mind and under no constraint or undue influence.

_____  
Testator Signature

_____  
Witness Signature

_____  
Witness Signature

Subscribed and sworn to before me by the said testator and the said witnesses, this ___ day of MARCH, 2021.

_____  
Notary Public  
My Commission expires:

5

00012